UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60532-CIV-COHN/SNOW

JEFFREY ERHARD, as assignee of BARRON
DEVELOPMENT CORP., and
JEFFREY ERHARD, individually,

    Plaintiffs,
vs.

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, and MELISSA FLOOD,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS
## ORDER GRANTING LEAVE TO AMEND

THIS CAUSE is before the Court upon Defendant Hartford's Motion to Dismiss Counts II and III of the Amended Complaint [DE 25].  The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Jeffrey Erhard ("Plaintiff" or "Erhard"), as assignee of Barron Development Corp. ("Barron") and individually, sued Barron's Worker's Compensation insurer, Hartford Accident and Indemnity Company ("Hartford" or "Defendant"), and its adjuster, Melissa Flood, for breach of contract (Count I), bad faith (Count II), and for Worker's Compensation benefits (Count III).  Erhard was working for Barron when he was injured on the job on November 15, 2001.  Am. Compl. ¶ 3.  Erhard filed a Worker's Compensation claim against Barron and Hartford.  Hartford denied the claim. Id., ¶ 5.  Erhard then sued Barron for negligence in state court.  Id., ¶ 6.  Barron gave Hartford an opportunity to defend this suit, but Hartford declined.  Id., ¶ 8.  In the

meantime, Barron's general liability insurer, to whom Barron submitted a claim after Hartford denied it, sued Barron for a declaratory judgment regarding coverage. Barron joined in Hartford as a third-party defendant. The state court in that action held on February 24, 2005, that Erhard was an employee of Barron, and therefore excluded from the general liability policy. Am. Compl. ¶ 24; Exhibit D. In Erhard's negligence suit against Barron, on July 18, 2005, the state court entered a consent judgment in favor of Erhard and against Barron for $850,000. Exhibit A to Am. Compl. Erhard and Barron entered into a "Coblentz" agreement wherein Barron assigned its rights against Hartford to Erhard. Exhibit B to Am. Compl.

Erhard then filed this action in state court.[1] Defendants removed this action to this Court. Defendant Hartford moves to dismiss the bad faith claim (Count II) for failure to state a claim and the Worker's Compensation benefits claim (Count III) for lack of jurisdiction. Plaintiff opposes the motion.

## II.  DISCUSSION

Defendant asserts that the bad faith claim must be dismissed because coverage issues have not been determined and Plaintiff's statutory notice was invalid. Defendant also asserts that this Court lacks jurisdiction to hear Count III, the claim for Worker's Compensation benefits.

### A.  Motion to Dismiss Standard

Defendant has moved to dismiss Count II for failure to state a claim. Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be

---

[1] Plaintiff's Amended Complaint, filed in this Court on June 20, 2007 [DE 20], eliminated Melissa Flood as a Defendant.

2

dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  127 S. Ct. at 1965.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.  Bad Faith -- Coverage Determination

Defendants are correct that coverage issues must be determined before a party can proceed with the prosecution of a bad faith action.  Vanguard Fire and Cas. Co v. Golmon, 955 So.2d 591, 593-95 (Fla. Dist. Ct. App. 2006) (citing Gen. Star Indem. Co. v. Anheuser-Susch Cos., Inc., 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999)).  It is irrelevant whether the bad faith claim is a first or third party action. Gen. Star, 741 So. 2d at 1261 (citing Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289 (Fla. 1991); Doan v. John Hancock Mut. Life Ins. Co., 727 So. 2d 400 (Fla. 3d DCA 1999)).

Plaintiff opposes the motion because in the separate declaratory judgment

3

action filed by Barron's general liability insurer, a state court did determine that Erhard was an employee of Barron. However, as Defendant asserts, Plaintiff did not allege this fact in its bad faith claim. Rather, this allegation regarding the state court's decision on employee v. independent contractor issue appears only at paragraph 24 of the Amended Complaint [DE 20]. Technically, Defendant is correct that based upon the four corners of the bad faith claim asserted in the Amended Complaint, Plaintiff has not shown that the coverage issue has been decided.

The Court concludes that Defendant's motion to dismiss Count II should be granted, with leave to Plaintiff to amend to assert within the bad faith claim that the coverage issue was decided.

### C.  Bad Faith Claim -- Notice Issue

As an additional ground to dismiss Count II, Defendant asserts that Plaintiff did not meet the condition precedent of proper statutory notice to Defendant of the bad faith claim. Florida law provides that an insured must provide a Civil Remedy Notice of Insurer Violation to its insurer of the statutory provision that the insurer allegedly violated, allowing sixty days for the insurer to correct the problem. Fla. Stat. § 624.155(2)(d); Lane v. Westfield Ins. Co., 862 So.2d 774, 778 (Fla. Dist. Ct. App. 2003) ("Section 624.155(2)(d) requires that the civil remedy notice state with specificity the facts and circumstances giving rise to the violation.").

In this case, Plaintiff's Notice, dated August 5, 2005, stated that violation as "not attempting in good faith to settle claims when, under all circumstances, it could and should have done so. . . . " Exhibit C to Amended Complaint. Defendant asserts that this Notice is void because it was not filed until it was impossible to cure any purported

violations, as the consent judgment was entered on July 18, 2005.  Plaintiffs argue that a cure did exist in that Defendant could have paid the judgment against its insured.  In reply, Defendant argues that failing to pay the judgment was not the violation stated in the Notice.

The published cases cited by Defendants in support of their argument were all decided on summary judgment after some discovery.  Talat Enterprises, Inc. v. Aetna Cas. and Sur. Co., 753 So.2d 1278, 1280 (Fla. 2000);  Lane, 862 So. 2d at 775; Nowak v. Lexington Ins. Co., 464 F.Supp.2d 1248, 1250 (S.D.Fla. 2006).  Plaintiff relies on this fact in urging the Court to deny the motion to dismiss to allow discovery on the issue. In viewing the pleadings in the light most favorable to Plaintiff, although the Court may consider the Notice because it was attached to the Complaint, Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1369 (11th Cir. 1997), the Court concludes that Plaintiff has met the standard for surviving a motion to dismiss on the sufficiency of the Notice issue.

### D.  Count III -- Worker's Compensation Claim

Defendant moves to dismiss Count III for Worker's Compensation benefits for lack of jurisdiction.  Plaintiff essentially agrees that subject matter jurisdiction would not ordinarily lie with a federal court, except that Defendant removed the case to this Court. Defendant actually argues that neither this Court, nor the Broward County Circuit Court, has jurisdiction to award Worker's Compensation benefits.  Rather, under Florida law, the Worker's Compensation Act provides an exclusive remedy for an employee's work related claims.  Connolly v. Maryland Cas. Co., 849 F.2d 525, 526 (11th Cir. 1988).

This Court agrees that it lacks subject matter jurisdiction over Count III, and

5

further that remand to Broward County Circuit Court is also not applicable.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Hartford's Motion to Dismiss [DE 25] Counts II and III is hereby **GRANTED in part** as to Count II, and **GRANTED** as to Count III;

2. Count II is hereby **DISMISSED**, without prejudice, and Plaintiff has leave to file a Second Amended Complaint by October 19, 2007, in accordance with this Order;

3. Count III is hereby **DISMISSED** for lack of subject matter jurisdiction;

4. Failure to file a Second Amended Complaint by October 19, 2007 will result in just Count I of the Amended Complaint going forward in this matter.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of October, 2007.

JAMES I. COHN
United States District Judge

copies to:

Jeffrey Hirsh, Esq.

Todd Poses, Esq.

Michael Packer, Esq./Joseph Miele, Jr., Esq.

6