UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60532-CIV-COHN/SELTZER

JEFFREY ERHARD, as assignee of
BARRON DEVELOPMENT CORP., and
JEFFREY ERHARD, individually,

    Plaintiffs,
vs.

HARTFORD ACCIDENT AND INDEMNITY
COMPANY,

    Defendants/Third Party Plaintiff,

vs.

BARRON DEVELOPMENT CORP.

    Third Party Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS SECOND AMENDED COMPLAINT
ORDER AMENDING CERTAIN PRETRIAL DEADLINES**

THIS CAUSE is before the Court upon Defendant Hartford's Motion to Dismiss Counts I and II of the Second Amended Complaint [DE 54], Hartford's Motion for Court to take Judicial Notice of Filings in state court [DE 55] and Hartford's Supplemental Motion for Court to take Judicial Notice [DE 85]. The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Jeffrey Erhard ("Plaintiff" or "Erhard"), as assignee of Barron Development Corp. ("Barron") and individually, sued Barron's Worker's Compensation insurer, Hartford Accident and Indemnity Company ("Hartford" or "Defendant"), for

breach of contract (Count I) and bad faith (Count II).[1]  Erhard was working for Barron when he was injured on the job on November 15, 2001.  Sec. Am. Compl. ¶ 3 [DE 42]. Erhard filed a Worker's Compensation claim against Barron and Hartford.  Hartford denied the claim.  Id., ¶ 5.  Erhard then sued Barron for negligence in state court.  Id., ¶ 6.  Barron gave Hartford an opportunity to defend this suit, but Hartford declined.  Id., ¶ 8.  In the meantime, Barron's general liability insurer, Great American, to whom Barron submitted a claim after Hartford denied it, sued Barron in state court for a declaratory judgment regarding coverage.  Id., ¶ 25.  Barron filed a third party complaint against Hartford for declaratory relief in the Great American action.  After a bench trial, the state court in that declaratory relief action held on February 24, 2005, that Erhard was an employee of Barron, and therefore excluded from the general liability policy.  Id.; Exhibit D to Second Amended Complaint.  In Erhard's negligence suit against Barron, on July 18, 2005, the state court entered a final consent judgment in favor of Erhard and against Barron for $850,000.  Id., ¶ 9; Exhibit A to Sec. Am. Compl.  Erhard and Barron entered into a "Coblentz" agreement wherein Barron assigned its rights against Hartford to Erhard.  Id., ¶ 13; Exhibit B to Sec. Am. Compl.

Erhard then filed this action in state court.[2]  Defendants removed this action to this Court and moved to dismiss the claims for bad faith and Workmen's Compensation benefits.  Hartford filed an Answer to the breach of contract claim [DE 26] and an Amended Answer [DE 40].  The Court granted the motion to dismiss in part [DE 38],

---

[1] This Court previously granted Hartford's Motion to Dismiss the Amended Complaint, with leave to amend as to Counts I and II, and with prejudice as to the claim in Count III for Worker's Compensation benefits.

[2] Plaintiff's Amended Complaint, filed in this Court on June 20, 2007 [DE 20], eliminated Melissa Flood as a Defendant.

after which Plaintiff filed a Second Amended Complaint [DE 42].  This time, despite the earlier answer to the breach of contract claim, Hartford moved to dismiss both the breach of contract claim and the replead bad faith claim.  In addition, Hartford filed a Third-Party Complaint against Barron for negligent misrepresentation (Count I), intentional misrepresentation (Count II), and breach of contract (Count III).  The Court has not considered those allegations in the context of the present Hartford motion to dismiss Erhard's claims.

## II.  DISCUSSION

Defendant now moves to dismiss the breach of contract claim on the grounds that *res judicata* precludes the claim and that Erhard has no contract with Defendant and therefore no individual claim.  Defendant moves to dismiss the bad faith claim because the coverage issues have not been determined and Plaintiff's statutory notice was invalid as to Erhard's individual claim.

### A.  Motion to Dismiss Standard

Defendant has moved to dismiss for failure to state a claim.  Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are

3

true." 127 S. Ct. at 1965.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.  Breach of Contract -- Res Judicata

The doctrine of res judicata, or claim preclusion, "will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting Jang v. United Techs Corp., 206 F.3d 1147, 1149 (11th Cir. 2000)).

In addition, "[t]he doctrine of res judicata, or claim preclusion, bars the filing of claims which were raised or could have been raised in an earlier proceeding." Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1501 (11th Cir. 1990); In re Atlanta Retail, Inc., 456 F.3d 1277, 1288 (11th Cir. 2006); In re Justice Oaks II, Ltd., 898 F.2d 1544, 1552 (11th Cir. 1990); Nilsen v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983) (*en banc*).  Defendant asserts that Barron should have brought the breach of contract claim against Hartford in the earlier state court declaratory judgment proceeding wherein Barron brought a third party declaratory judgment complaint

4

against Hartford.

Defendant relies upon the Davila decision cited above, wherein a pilot who lost a grievance denial appeal in the district court, then brought an Americans with Disabilities Act action in district court for the same termination. Despite the different statutory and jurisdictional framework from which his two actions came to district court, the Eleventh Circuit affirmed a res judicata dismissal because the termination claim in both actions arose out of the same facts. 326 F.3d at 1188-89.

Upon review of the earlier state court action, of which the Court does take judicial notice, the Court concludes that dismissal of the present claim under res judicata would be a harsh result not required by the case law. The earlier state court action did not involve the same cause of action, and, more importantly, was limited to a declaratory determination of rights in an action brought by Great American, a non-party to the present lawsuit, although through third party practice both Barron and Hartford became parties to the prior lawsuit. Barron's Third Party Complaint in state court action, Exhibit 2 to Hartford's Motion to Take Judicial Notice [DE 55-3]. It is not clear that Barron could have brought the breach of contract action against Hartford in the prior declaratory proceeding for determination of whether Erhard was an employee or Barron or not. Though Plaintiff now stands in Barron's shoes and is subject to defenses pertinent to Barron, res judicata is not one of those defenses.

### C.  Breach of Contract -- Erhard's standing as individual

Defendant moves to dismiss the breach of contract claim as to Plaintiff's individual status (i.e., not as an assignee of Barron). Erhard was not a party to the Workmen's Compensation insurance policy ("Contract") issued by Defendant to Barron.

5

Erhard argues that he is a third party beneficiary specifically contemplated in the Contract.  Although Defendant argues that the Court cannot consider matters outside the four corners of the Second Amended Complaint, Defendant acknowledges that the Contract is attached to their own Third Party Complaint and does not contest the Court's consideration of it.  Defendant's Reply Memorandum, p. 3, n.4 [DE 86]

The Contract states in Part I, Subsection H.3, that a person entitled to benefits payable by this insurance can enforce the Contract against Defendant and Barron. Exhibit 1 to Third Party Complaint [DE 47].  Plaintiff relies upon this language in opposition to the motion to dismiss.  Defendant argues that the language is modified by the preceding caveat that "These statements apply where they are required by law." Defendant asserts that while Erhard could sue Hartford for payment of workers' compensation benefits due under the Workers' Compensation Act (Fla. Stat. § 440.11(4)), such ability does not equate to maintaining a breach of contract action for failing to pay those benefits.  Florida law limits recovery to an injured claimant to workers' compensation benefits.  Therefore, the Contract language implying third party beneficiary standing is governed by the remedial limitations imposed by Florida statutes.

This Court agrees with Defendant.  Allowing an injured worker to sue as a third party beneficiary for anything other than worker's compensation benefits (a claim originally brought in this action but dismissed on jurisdictional grounds by this Court) would be an end run around Florida's statutory scheme.  In this case, Erhard can still maintain the breach of contract action as assignee of his employer, Barron, through the Coblentz agreement.  However, any claim for breach of contract in his individual

6

capacity is dismissed.

### D.  Bad Faith -- Coverage Determination

As previously stated by this Court in its prior dismissal order, Defendants are correct that coverage issues must be determined before a party can proceed with the prosecution of a bad faith action.  Vanguard Fire and Cas. Co v. Golmon, 955 So.2d 591, 593-95 (Fla. Dist. Ct. App. 2006) (citing Gen. Star Indem. Co. v. Anheuser-Susch Cos., Inc., 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999)).  It is irrelevant whether the bad faith claim is a first or third party action.  Gen. Star, 741 So. 2d at 1261 (citing Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289 (Fla. 1991); Doan v. John Hancock Mut. Life Ins. Co., 727 So. 2d 400 (Fla. 3d DCA 1999)).

The prior action was dismissed for failure to assert within the four corners of the bad faith claim that the coverage issue has been decided.  Plaintiff has now corrected that oversight in ¶ 25 of the Second Amended Complaint [DE 42] by referencing the state court decision that Erhard was an employee of Barron.  Nonetheless, Defendant continues to assert that claims for breach of contract and bad faith cannot go forward at the same time.  The Court agrees with Plaintiff, however, that this case is different, because the issue of coverage, or at least the primary factual basis for a coverage determination, has already been litigated in the state court.  The judicial finding that Erhard was an employee of Barron, of which this Court must not only take judicial notice but must enforce as res judicata on these parties, is effectively a coverage determination for a Workman's Compensation insurance policy.[3]  In addition, the extent

---

[3]  Plaintiff also asserts that under Florida law Hartford cannot raise any defense to the coverage issue once it refuses to defend the insured.  "While an insurance company is within its rights in a thorough investigation to determine whether the accident in question comes within coverage of its policy, the company acts at its peril in

7

of the insured's damages, $850,000 in the consent judgment, has also been determined. Vest v. Travelers Ins. Co., 753 So.2d 1270, 1275 (Fla. 2000). Therefore, the issues of coverage and damages have been sufficiently plead to allow the bad faith claim to proceed.

### E.  Bad Faith Claim -- Notice Issue

As an additional ground to dismiss Count II, Defendant again asserts that Plaintiff did not meet the condition precedent of proper statutory notice to Defendant of the bad faith claim. As previously discussed by this Court in a prior order, Florida law provides that an insured must provide a Civil Remedy Notice of Insurer Violation ("Notice") to its insurer of the statutory provision that the insurer allegedly violated, allowing sixty days for the insurer to correct the problem. Fla. Stat. § 624.155(2)(d); Lane v. Westfield Ins. Co., 862 So.2d 774, 778 (Fla. Dist. Ct. App. 2003) ("Section 624.155(2)(d) requires that the civil remedy notice state with specificity the facts and circumstances giving rise to the violation.").

Defendant previously argued that the notice was insufficient because it was not filed until after the consent judgment was entered and thus it was impossible to cure any purported violations. The Court denied that motion because the published cases cited by Defendants in support of their argument were all decided on summary judgment after some discovery. This time, Defendant raises an entirely new argument, that the Notice did not list Erhard as bringing the claim in his individual status, as opposed to being the assignee of Barron, which is stated on the Notice.

Plaintiff opposes the motion, in that the statute and cases list specific

---

refusing to defend its insured and will be held responsible for the consequences." Gallagher v. Dupont, 918 So.2d 342, 347 (Fla. Dist. Ct. App. 2005).

requirements for the Notice, which do not on their face include indicating whether Plaintiff is suing as both an assignee and as an individual.  <u>Talat Enterprises, Inc. v. Aetna Cas. and Sur. Co.</u>, 753 So.2d 1278, 1280 (Fla. 2000);  <u>Lane</u>, 862 So. 2d at 775; <u>Nowak v. Lexington Ins. Co.</u>, 464 F.Supp.2d 1248, 1250 (S.D.Fla. 2006).  However, these decisions do set forth that strict compliance with the statute is required.  <u>Talat</u>, 753 So.2d at 1283.  In <u>Nowak</u>, the court refused to allow a plaintiff to proceed on a claim not specified in the Notice, even though the plaintiff had provided other written notice of this claim and properly filed a Notice as to a different claim.  464 F.Supp.2d at 1251-52.  In the present case, bringing a third-party bad faith claim directly by Plaintiff can present different issues to an insurer than an action with Plaintiff as assignee of the insured, Barron Development.  In the absence of a Florida court decision on point, the Court will not expand the ability of a plaintiff to sue for claims not specifically noticed in the statutory Notice required as a precondition to suit.  Therefore, the Plaintiff's direct claim for bad faith is dismissed.

## III.  CONCLUSION

For the different reasons expressed above, Plaintiff Jeffrey Erhard's claims in his individual capacity are dismissed for failure to state a claim.  However, his claims as assignee of his employer, Barron Development, can move forward.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Hartford's Motion to Dismiss Counts I and II of the Second Amended Complaint [DE 54] is hereby **GRANTED in part** as to Jeffrey Erhard's claims in his individual capacity in Counts I and II, and **DENIED** as to his claims as assignee of his employer, Barron Development;

9

2. Hartford's Motion for Court to take Judicial Notice of Filings in state court [DE 55] and Supplemental Motion for Court to take Judicial Notice [DE 85] are hereby **GRANTED**;

3. Hartford shall file an Answer to both claims in the Second Amended Complaint by February 1, 2008;

4. Fact and expert discovery is hereby extended until March 14, 2008, with expert disclosures and reports required by Local Rule 16.1.K due by February 20, 2008;

5. Dispositive motions shall now be due by March 21, 2008;

6. No other deadlines reset by this Court's December 7, 2007 Order are otherwise changed by this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of January, 2008.

JAMES I. COHN
United States District Judge

copies to:

Jeffrey Hirsh, Esq.

Todd Poses, Esq.

Michael Packer, Esq./Joseph Miele, Jr., Esq.